U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 1 4 2015

TONY R. MOORE, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT            a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CLIFTON COTTEN (#290764)            DOCKET NO. 14-CV-3050; SEC. P

VERSUS                              JUDGE DEE D. DRELL

LASALLE CORRECTIONAL, ET AL.        MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Pro se Plaintiff, Clifton Cotten, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Rapides Parish Detention Center 3 ("DC3") in Alexandria, Louisiana. He complains of negligence and medical malpractice at an LSU hospital, which occurred when he was housed at the LaSalle Correctional Center in Olla, Louisiana. He names as defendants: Corporal Boytt, Corporal Engles, Nurse Gwen, Warden David Smith, Major Brian Andrews, Lt. Gainy, Corporal Crooks, Sgt. Parker, Corporal Moorehead, Lt. Mopp, Sgt. Harper, Deputy Cox, Corporal Windham, Lt. Lloyd, and Corporal Sharp.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff has alleged that, on the morning of October 10, 2013, while incarcerated at LaSalle Correctional, he was attacked by several inmates. The first attack occurred while Corporal Boytt

was on duty.  Later that day, a group of inmates attacked Plaintiff again.  During the second attack, Plaintiff alleges that Defendant Engles "just so happened to be passing through that area" and saw the inmates attack Plaintiff.  Defendant Engles yelled for the inmates to stop, and the attackers fled the area.  Defendant Engles brought Plaintiff to the nurses' station.  [Doc. #4, p.7] Plaintiff suffered a broken leg, injured knee, broken cheekbone, and a cut lip that required stitches.  [Doc. #4, p.4-5]  Plaintiff states that he has undergone one surgery and eight hospital visits due to the injures.

Plaintiff complains that the hospital doctors did not order an x-ray of his knee, despite his complaints and requests for same. On October 15, 2013, Plaintiff was transported back to the hospital for a recheck, and his leg was swollen and bruised.  He had two large blisters on his ankles. The doctor did not address Plaintiff's complaints of knee pain.  [Doc. #13, p.6]  On October 18, 2013, Plaintiff was transported for an ENT appointment. The physician did not recommend surgery to repair Plaintiff's cheekbone.  Plaintiff complains that his face remains disfigured and partially numb. [Doc. #13, p.6]

On October 25, 2013, Plaintiff underwent a leg surgery that entailed placement of a stainless steel plate and screws in his leg.  Plaintiff complains that the hospital did not prescribe any antibiotics.  Plaintiff was transported back to the hospital on

November 19, 2013.   He complained about his knee pain again, but the medical provider "blew it off."   Plaintiff complains that he was placed in a cast on top of the incision site, which caused infection, and that he received stitches instead of staples.  [Doc. #13, p.7]

Plaintiff complained to Nurse Gwen that something was wrong under the cast, and he was transported back to the hospital on December 17, 2013. While at the emergency room, Plaintiff learned that he had actually been scheduled to see the orthopedist that day.  [Doc. #4, p.6]

Plaintiff states that he was released from the hospital on February 11, 2014, and released from segregation on February 26, 2014.   [Doc. #4, p.7]   He was transferred out of LaSalle Correctional on April 4, 2014.  Plaintiff complains that he should have been transferred to another facility better equipped to treat his injuries, such as E. Hunt Correctional.

Plaintiff complains that Defendants Andrews and Smith should have transferred him to a facility with a bathtub in order to bathe and keep his cast dry.

He complains that defendants Gainy, Crooks, and Parker, had him returned to general population too soon.   He states that Defendants Mapp and Harper refused to allow Plaintiff a shower every night even though the hospital ordered daily showers.   He states that Lloyd and Sharp let an inmate in the hall with

Plaintiff while he was still on crutches, thereby leaving Plaintiff "at a great disadvantage;" but, once Plaintiff complained to them, they ceased allowing that inmate in the hall with Plaintiff. They also denied him daily showers.

Petitioner has not provided any facts regarding deprivations by Defendants Moorehead, Cox, or Windham.

### Law and Analysis

The constitutional standards that apply to convicted prisoners in the United States are well developed. Convicted prisoners are protected by the Eighth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, which prohibits the infliction of "cruel and unusual punishments" on convicted prisoners. To establish a violation of the Eighth Amendment, a prisoner must show both (1) a deprivation of a basic human need, Helling v. McKinney, 509 U.S. 25, 31-32 (1993), and (2) deliberate indifference, Wilson v. Seiter, 501 U.S. 294, 303 (1991). In the context of medical care, a prisoner must demonstrate "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). To meet the "extremely high standard" of deliberate indifference, a plaintiff must establish that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't of Crim.

Justice, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). The official must know of and disregard an excessive risk to inmate health or safety and be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The official must also draw that inference. Id. *"Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."* Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

In this case, Plaintiff specifically alleges negligence and medical malpractice, and his factual allegations fall short of the deliberate indifference standard. Plaintiff states that Defendants Smith and Andrews were present in the nurse's station and observed the injuries that Plaintiff suffered on the date of the attack; they instructed Engles to bring Plaintiff to a bone specialist at LSU in Shreveport; they knew that Plaintiff did not have access to a bathtub in order to bathe and keep his cast dry; and, they should have transferred him to another facility. None of these allegations amount to deliberate indifference.  Moreover, an inmate does not have a constitutional right to be housed at any particular facility.  See Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983).

Plaintiff complains that the officers did not follow the

hospital's orders regarding allowing Plaintiff to shower every night.  However, the failure to follow the recommendations of an outside treating physician does not set forth a claim for deliberate indifference.  See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999).  Additionally, to the extent that Plaintiff claims that his infection resulted from the lack of daily showers is a conclusory allegation.  The incision site that became infected was covered by a cast, so it could not be cleaned in the shower anyway.

Although Plaintiff complains that he was not prescribed antibiotics following surgery, he states that he was administered Bactrim pills (which he says are not "real antibiotics.") After Plaintiff suffered the infection, the hospital physician prescribed additional antibiotics. He complains that he should have received a knee x-ray, that he should have received staples instead of stitches, that his leg should not have been placed in a cast, and that he should have been allowed a daily bath or shower. Ultimately, Plaintiff complains that there are many things that the hospital could have or should have done. Clearly Plaintiff disagrees with the treatment provided and medication prescribed by LSU hospital, but this does not state a claim for deliberate indifference. It amounts to a disagreement in the nature and course of Plaintiff's treatment. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff has alleged negligence on the part of several

unnamed physicians and staff at the Huey P. Long hospital. He does not present facts indicating that any of the named defendants intentionally treated him incorrectly or ignored his complaints.

Plaintiff complained to Nurse Gwen about his leg hurting, and she had him transported to the hospital within a few days. Plaintiff's infection was under the cast, so it was not visible or obvious. Plaintiff does not allege that the nurse intentionally or deliberately failed to recognize the infection. His allegations present a claim of negligence.

Although Plaintiff's medical treatment was not to his satisfaction, or could have been better, it is well-settled that prisoners are only entitled to adequate medical care, not the best care money can buy. See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). The allegations indicate that Plaintiff received ongoing medical care for his injuries, not that he was denied medical treatment. The existence of continuous medical care normally precludes a finding of deliberate indifference on the part of prison officials. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Moreover, Plaintiff states that he has not exhausted administrative remedies. Thus, his claim would be subject to dismissal on that basis alone.

To the extent that Plaintiff raises Louisiana state negligence claims or a malpractice claim under Louisiana law, a federal court

has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. §1367(c)(3). The general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed. See Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989).

*Conclusion*

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(b) and §1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge**

is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 13th day of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE